

1996 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-31-1996

# Jones v. United States

Precedential or Non-Precedential:

Docket 95-1719

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1996

Recommended Citation

"Jones v. United States" (1996). *1996 Decisions.* Paper 141.
http://digitalcommons.law.villanova.edu/thirdcircuit_1996/141

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 1996 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 95-1719


ROTHER JONES
            Appellant


V.


UNITED STATES OF AMERICA
                    Appellee


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
    FOR THE EASTERN DISTRICT OF PENNSYLVANIA
            (D.C. Civil No. 94-05086)


Argued on March 11, 1996

Before:  NYGAARD, SAROKIN and ALDISERT, Circuit Judges

(Opinion Filed July 31, 1996)

                        David C. Harrison (Argued)
                        2100 Arch Street, 5th Floor

                        Philadelphia, PA 19103-1399

                        Attorney for Appellant



                        Susan D. Bricklin (Argued)
                        Suite 1250
                        Office of United States Attorney
                        615 Chestnut Street
                        Philadelphia, PA 19106
                        Attorney for Appellee



        OPINION OF THE COURT

NYGAARD, Circuit Judge.

Rother Jones alleges that, while he was a federal prisoner, prison officials denied him his prescription high blood pressure medication, causing him to suffer a debilitating stroke, which left him aphasic and quadriplegic. The district court granted the United States' motion for summary judgment and denied Jones' motion for reconsideration. We will reverse.

I.

Jones alleges that in 1991, while a prisoner at the Federal Correctional Institution at Lewisburg, Pennsylvania, he suffered from high blood pressure and had been prescribed appropriate medication. In October, 1991, he was transferred from Lewisburg to the Federal Correctional Institution at McKean, Pennsylvania. He did not receive his medication the morning of the transfer, nor was he medicated when he arrived at McKean, although he did receive a medical examination.

Discovery revealed that within twelve hours of his medication being withheld he suffered a cerebral hemorrhage, leaving him aphasic and quadriplegic. Jones alleges that this cerebral hemorrhage was a result of appellee's negligence in failing to provide him with his prescription medication despite knowledge of his need for it; that appellee failed to act with due regard for his rights as a federal prisoner, a status which denied him open access to the medication; and, that appellee deviated from the applicable standard of care.

II.

Appellee moved for summary judgment on the ground that this was a malpractice case and that Jones produced no expert testimony that established appellee's negligence. The district court, however, granted summary judgment on a ground not raised in appellee's motion. It stated that:

> under a simple negligence theory, Plaintiff
> has failed to show negligence because he has
> failed to show a duty. There is no evidence
> in the record to indicate that the prison
> authorities had a duty to provide Plaintiff
> with his medication at a certain period of
> time. . . . Plaintiff had a duty to establish
> every element of his case.

The court concluded that "Plaintiff has not 'set forth specific facts showing that there is a genuine issue for trial.'" We disagree with the district court's conclusion that summary judgment was appropriate because Mr. Jones "produced no evidencethat there was a duty" to provide him his prescription medicine at a certain time. Rather than requiring evidentiary proof, "[w]hether a defendant owes a duty of care to a plaintiff is a question of law." Kleinknecht v. Gettysburg College, 989 F.2d 1360, 1366 (3d Cir. 1993) (citing Restatement (Second) of Torts 328(B) (1965)) (other citations omitted). Therefore, we need only determine whether, as a matter of law, the defendant owed a duty to Jones.

In Paragraph 2 of his complaint, Jones specifically pointed to the relevant legal duty the government negligently

breached:

> Defendant UNITED STATES OF AMERICA operates a prison system and is responsible for the care, health and welfare of federal prisoners within its custody in the federal prison system.

Jones also alleged that federal employees "failed to supply Plaintiff with his medication although it knew or should have known that [the medicine] was necessary for his health."

We find the defendant's duty articulated in 18 U.S.C. 4042(a)(2) and (3), which provide:

> The Bureau of Prisons . . . shall -- (2) . . . provide for the safekeeping, care and subsistence . . . (3) provide for the protection . . . of all persons charged with or convicted of offenses against the United States.

The statute is unambiguous, and to avert summary judgment, Jones was not required to provide a further basis for his contention that defendant had a duty of care toward him. United States v. Muniz, 374 U.S. 164-65, 83 S.Ct. 1850, 1859 (1963). ("[T]he duty of care owed by the Bureau of Prisons to federal prisoners is fixed by 18 U.S.C. 4042 . . . .").

The facts are undisputed that Jones had been prescribed medicine to treat his condition; that the medicine had been withheld; and that he then suffered a severe stroke -- just what the medicine was designed to prevent -- which left him permanently disabled. We conclude that this evidence is sufficient to allow a jury to determine that the government breached its legal duty of care toward Jones by failing to provide him with his medication within twelve hours of its normal prescription time.

III.

We will reverse the summary judgment of the district court and remand the cause for further proceedings consistent with this opinion.