# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1043
_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Gregory Duane Bradley, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: April 26, 1999

Filed: June 8, 1999
_____

Before FAGG, WOLLMAN,[1] and BEAM, Circuit Judges.
_____

PER CURIAM.

Gregory Duane Bradley was previously sentenced to a total of ninety-three months' imprisonment and four years' supervised release for armed robbery and firearm offenses. While serving his supervised release, he committed the state offenses

_____

[1] Roger L. Wollman became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 24, 1999.

of criminal mischief and fleeing. The district court[2] then revoked Bradley's supervised release and ordered him to serve five months' imprisonment and, upon his release from imprisonment, to complete the remainder of his original term of supervised release through his original supervised release termination date. Bradley appeals, challenging the reimposition of supervised release and the district court's refusal to order the Bureau of Prisons (BOP) to perform surgery on him to correct his temporal mandibular joint syndrome (TMJ). We affirm.

Based on the armed-robbery offense that resulted in his original term of supervised release, Bradley was subject to up to three years' imprisonment upon revocation of supervised release. See 18 U.S.C. § 3583(e)(3); 18 U.S.C. § 2113(d); 18 U.S.C. § 3559(a)(2). Because the five-month prison sentence Bradley received was less than the maximum authorized, the district court was entitled to impose an additional term of supervised release so long as the imprisonment and additional supervised release did not exceed Bradley's original term of supervised release. See 18 U.S.C. § 3583(h); United States v. St. John, 92 F.3d 761, 766 (8th Cir. 1996). The revocation sentence was proper because it did not exceed Bradley's original four-year term of supervised release, and his argument on appeal thus fails.

We further reject Bradley's contention that the district court judge, who recommended that Bradley receive appropriate treatment for his TMJ, erred by failing to order surgery. See Jones v. United States, 91 F.3d 623, 624-25 (3rd Cir. 1996) (under 18 U.S.C. § 4042(a)(2), BOP shall provide for safekeeping and care of federal prisoners).

Finally, we grant counsel's motion to withdraw and deny the pending pro se motion.

---

[2]The Honorable Elsijane Trimble Roy, United States District Judge for the Eastern District of Arkansas.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.