

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-22-2005

# Christian v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1552

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Christian v. USA" (2005). *2005 Decisions.* Paper 975.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/975

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-268                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1552
_____

WILLIAM CHRISTIAN,

Appellant
v.

UNITED STATES OF AMERICA;
FEDERAL BUREAU OF PRISONS

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 04-CV-01284)
District Judge: Honorable A. Richard Caputo

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
June 9, 2005

Before:  SLOVITER, NYGAARD AND FUENTES, CIRCUIT JUDGES

(Filed : June 22, 2005)

_____

OPINION
_____

PER CURIAM

William Christian appeals from an order of the United States District Court for the

Middle District of Pennsylvania, which dismissed all claims against the Federal Bureau of Prisons and granted the United States' motion for summary judgment. Because this appeal presents no substantial issues, we will summarily affirm the District Court's judgment.

As the parties are already familiar with the facts of this case, we limit our discussion to those facts essential to our decision. On July 5, 2003, Christian attempted to sit in a chair in the prison's dining hall.[1] Because the seat of the chair was not properly bolted to its base, he fell to the floor and allegedly injured his back. After unsuccessfully filing an administrative claim under the Federal Tort Claims Act (FTCA), Christian filed a complaint in the District Court, seeking damages for negligence in failing to secure the chair, and for allegedly negligent medical treatment.

Under the FTCA, the government's duty of care towards federal prisoners is governed by 18 U.S.C. § 4042. Jones v. United States, 91 F.3d 623, 624 (3d. Cir. 1996). Courts have read this statute to mean that the government must exercise ordinary diligence to keep prisoners safe and free from harm. Jones v. United States, 534 F.2d 53, 54 (5th Cir. 1976), cert. denied, 429 U.S. 978. From a review of the record, it is clear that, even given the facts as alleged by Christian, the Government did exercise ordinary diligence.

---

[1] Although Christian's complaint referred to the accident occurring in the prison's "kitchen," Defendants produced evidence below that the accident must have happened in the dining hall, as the only prisoners allowed in the kitchen are those who are employed there, and Christian was not so employed. Christian did not refute this correction.

First, the Government provided evidence of regular repair and maintenance on the dining hall seats, including evidence that three days before the accident, the carpentry shop spent half an hour repairing tables and replacing seats in the dining hall, and tightening bolts on the bottoms of inmate chairs. We agree with the District Court that Christian did not present "any evidence that an official or employee of the United States had a hand in not bolting or in unbolting the chair or had actual knowledge of the chair being unbolted." Report and Recommendation at 16. Thus, the United States did not breach any duty of care in providing safe seating.

Further, Christian was provided with regular medical care and diagnostic tests.[2] We agree with the District Court that Christian did not present any "evidence that prison medical employees deviated from acceptable medical standards in providing care for his injuries." Report and Recommendation at 18.

Accordingly, we will summarily affirm the District Court's judgment.

---

[2] X-rays did not show any injury from the accident, but did show degenerative changes.

3