**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3913
_____

DIEGO RODRIGUEZ,
                                        Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-14-cv-01149)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 25, 2017
Before:  SHWARTZ, COWEN and FUENTES, Circuit Judges

(Opinion filed: June 6, 2017)
_____

OPINION[*]
_____

PER CURIAM

        Diego Rodriguez appeals from the District Court's entry of summary judgment

against him.  We will affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Rodriguez is a federal prisoner who was incarcerated at USP-Lewisburg at all relevant times. He filed suit against the United States under the Federal Tort Claims Act ("FTCA") alleging that negligence in the diagnosis and treatment of a kidney stone caused the failure and removal of his kidney. In particular, Rodriguez alleged that prison personnel should have diagnosed him with a kidney stone sooner and then delayed sending him to an outside physician for surgery for another six months. According to his complaint, Rodriguez ultimately was operated on by Dr. Anuj Chopra at Sunbury Hospital. Dr. Chopra removed Rodriguez's kidney after determining that it was damaged beyond repair. Dr. Chopra also left a sponge in Rodriguez's body during the surgery, which required an additional surgery and resulted in an infection that left Rodriguez in the intensive care unit for several days.

On the basis of these allegations, Rodriguez asserted two claims of negligence against the United States. First, he claimed that prison personnel were negligent in failing to diagnose and arrange for treatment of his kidney stone sooner and that timely treatment would have saved his kidney. He also claimed in that regard that Bureau of Prisons' ("BOP") policies did not ensure adequate training or supervision of medical personnel. Second, Rodriguez claimed that the BOP's policies on outsourcing medical care are inadequate because they do not provide for the training, monitoring or supervision of outside medical staff (such as Dr. Chopra).

The Government filed a motion to dismiss Rodriguez's first claim because he did not file a certificate of merit ("COM") as required by Pennsylvania law.[1] The Government also moved to dismiss Rodriguez's first claim to the extent that it might be based on the conduct of Dr. Chopra and Sunbury Hospital because, it argued, they are independent contractors whose conduct does not subject to the United States to liability.

In response, Rodriguez filed a motion for an extension of time to file a COM, and he attached two COMs. Both stated, pursuant to Pa. R. Civ. P. 1042.3(a)(3), that "expert testimony of an appropriate licensed professional is unnecessary for the prosecution of the claim." A plaintiff who proceeds on such a COM is barred from later presenting expert testimony in the absence of "exceptional circumstances." Liggon-Redding, 659 F.3d at 265 (quoting Pa. R. Civ. P. 1042.3(a)(3), Note). The District Court later granted Rodriguez's motion and deemed his COMs filed. Rodriguez also filed a response to the Government's motion to dismiss in which he relied on those COMs and disclaimed any intent to pursue claims based on the conduct of Dr. Chopra and Sunbury Hospital.

After Rodriguez filed his COMs, the Government moved for summary judgment on both of his claims. As to Rodriguez's first claim alleging medical negligence, the Government argued that expert testimony was necessary to support the claim and that Rodriguez's COMs precluded him from presenting any. As to Rodriguez's second claim regarding the BOP's outsourcing policies, the Government argued that it was barred by

---

[1] FTCA claims generally are governed by the law of the state in which they arose, see Lomando v. United States, 667 F.3d 363, 372-73 (3d Cir. 2011); 28 U.S.C. § 1346(b)(1), and Pennsylvania's COM requirement is a substantive rule that applies in federal court, see Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 264-65 (3d Cir. 2011).

the FTCA's discretionary function exception to its waiver of sovereign immunity. See 28 U.S.C. § 2680(a). In response, Rodriguez filed several motions of his own, including a motion for appointment of counsel and an expert and a motion for an extension of time to file a different COM.

The District Court addressed the parties' motions in a series of decisions on March 28, 2016. As relevant here, the District Court denied Rodriguez's motions for counsel and an extension to file a different COM. In doing so, the District Court relied on Rodriguez's COMs already of record which, as noted above, barred him from offering expert testimony absent exceptional circumstances. The District Court reasoned that, in the absence of such circumstances (which it did not find), Rodriguez was bound by his COMs and that his inability to present expert testimony weighed against appointing counsel. The District Court did, however, grant Rodriguez an extension of time to respond to the Government's motion for summary judgment.

Rodriguez later filed his response, and the District Court ultimately granted the Government's motion and entered summary judgment in its favor for the reasons summarized above. In doing so, the District Court determined that Rodriguez had admitted the allegations contained the Government's statement of material fact by failing to properly respond to it. The District Court did not grant summary judgment on that basis, however, and instead conducted its own review of the record where relevant to its rulings. Rodriguez appeals.[2]

_____

[2] We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's entry of summary judgment. See Parkell v. Danberg, 833 F.3d 313, 323

4

## II.

### A.    Appointment of Counsel and Related Issues

Rodriguez's primary challenge on appeal is to the District Court's denial of his motion for counsel.  Rodriguez does not directly challenge the District Court's related denial of leave to file a different COM, but he appears to argue that counsel would have had a better chance to locate an expert and then could have provided a COM permitting the introduction of expert testimony.  The problem with this argument is that Rodriguez, before moving for counsel, already had filed COMs stating that no expert was necessary.  Those COMs precluded him from presenting expert testimony in the absence of exceptional circumstances, which the District Court did not find.

Rodriguez does not directly take issue with that ruling.  He refers to the difficulty that pro se prisoners face in presenting medical malpractice claims, but that circumstance does not exempt him from the rules that apply to other litigants.  See Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013); Hoover v. Davila, 862 A.2d 591, 594-96 (Pa. Super. Ct. 2004).  Nor does it constitute an exceptional circumstance warranting relief from an already filed COM.  See McCool v. Dep't of Corr., 984 A.2d 565, 571 & n.9 (Pa. Commw. Ct. 2009).  Rodriguez also provides no reason, exceptional or otherwise, for not moving for counsel early in the litigation as pro se prisoners often do.  See, e.g., Montgomery v. Pinchak, 294 F.3d 492, 495-96 (3d Cir. 2002) (noting that pro

_____

(3d Cir. 2016).  We review the District Court's denial of a motion for counsel for abuse of discretion.  See Tabron v. Grace, 6 F.3d 147, 158 (3d Cir. 1993).

5

se prisoner moved for counsel in order to present expert testimony the month after filing his amended complaint).

Rodriguez argues that the District Court otherwise abused its discretion in denying counsel because the District Court did not address the relevant factors. The District Court, however, expressly identified and balanced the relevant factors under Tabron. It is true, as Rodriguez argues, that the District Court did not specifically address his "education, literacy, prior work experience, and prior litigation experience." Tabron, 6 F.3d at 156. But those issues fall under the general rubric of the plaintiff's ability to present his or her case, see id., and the District Court concluded that Rodriguez had shown such an ability.

Rodriguez challenges that conclusion. He notes that he proved unable to properly contest the Government's statement of material facts, but the District Court did not rely on that failure in granting summary judgment. He also argues that he chose the "wrong" COM. But Rodriguez did so before moving for counsel and, as explained above, he has not shown the exceptional circumstances necessary to relive him of its consequences.

Finally, Rodriguez relies on decisions holding that district courts abused their discretion by (1) denying counsel on the grounds that expert testimony would not be necessary, but then (2) later entering summary judgment for lack of that very expert testimony. See Montgomery, 294 F.3d at 504-05; Parham v. Johnson, 126 F.3d 454, 460 (3d Cir. 1997). This case is far different. In this case, the District Court concluded that Rodriguez's COMs precluded him from offering expert testimony and that the fact that expert testimony would not be presented. The District Court later relied on the lack of

6

expert testimony in entering summary judgment on Rodriguez's first claim. There is no inconsistency in that approach, and we cannot otherwise say that the District Court abused its discretion.

## B. Summary Judgment on the Merits

Rodriguez's arguments concerning counsel aside, he does not directly take issue with the District Court's entry of summary judgment on his first claim of medical negligence. The District Court concluded that expert testimony was necessary to support that claim because the issues of duty, breach, and causation (i.e., whether the alleged delay in treating Rodriguez's kidney stone resulted in the failure of his kidney six months later) were not so self-evident as to be obvious to a layperson. See Hightower-Warren v. Silk, 698 A.2d 52, 54 & n.1 (Pa. 1997). Rodriguez does not challenge that ruling and we agree with it substantially for the reasons that the District Court explained.[3]

Rodriguez does raise one argument regarding the entry of summary judgment on his second claim. In that claim, Rodriguez challenged the adequacy of the BOP's policies regarding the outsourcing of medical treatment. The District Court concluded that this claim is barred by the FTCA's discretionary function exception. That exception

---

[3] Rodriguez argues that he chose the "wrong" COM because he thought that Dr. Gupta's leaving of a sponge in his body during surgery was so obviously negligent that the point did not require expert testimony. Assuming the truth of Rodriguez's factual assertions, that may well be the case. See Ayers v. Parry, 192 F.2d 181, 184 & n.1 (3d Cir. 1951). As noted above, however, Rodriguez disclaimed any intent to assert any claim based on the conduct of Dr. Gupta, and he continues to disclaim any such intent on appeal. Rodriguez also does not rely on any non-expert extrinsic evidence that might be sufficient to create a triable issue on his first claim. Cf. Pearson v. Prison Health Serv., 850 F.3d 526, 536 (3d Cir. 2017).

does not apply when, inter alia, "a federal statute, regulation, or policy specifically prescribes a course of action" and the action thus is not discretionary. Mitchell v. United States, 225 F.3d 361, 363 (3d Cir. 2000) (quotation marks omitted). Rodriguez argues that the BOP's outsourcing policies are not discretionary because they are in violation of its duties under 18 U.S.C. § 4042(a)(2) and (3).

The Government's sole response is that Rodriguez waived this argument by failing to raise it below. That position is puzzling because Rodriguez expressly raised this argument in his brief in opposition to summary judgment (ECF No. 37 at 8), and the District Court expressly addressed it in its opinion (ECF No. 42 at 26). In any event, Rodriguez's cursory argument lacks merit.

Section 4042(a) establishes a general duty of care requiring the BOP to, among other things, provide for the general "safekeeping," "care" and "protection" of prisoners. United States v. Muniz, 374 U.S. 150, 164-65 & n.26 (1963) (quoting 18 U.S.C. § 4042(a)(2) & (3)). The District Court relied on some of our non-precedential opinions in concluding that § 4042(a) leaves the performance of those general duties to the discretion of the BOP and thus does not defeat application of the discretionary function exception. We generally do not rely on our own non-precedential opinion, but it appears that every Court of Appeals to have addressed the issue precedentially has reached the same conclusion.[4] Rodriguez's cursory invocation of § 4042(a) raises nothing suggesting that

---

[4] See Rich v. United States, 811 F.3d 140, 145 (4th Cir. 2015); Spotts v. United States, 613 F.3d 559, 568, 572 (5th Cir. 2010); Montez v. United States, 359 F.3d 392, 395-96 (6th Cir. 2004); Santana-Rosa v. United States, 335 F.3d 39, 44 (1st Cir. 2003); Cohen v. United States, 151 F.3d 1338, 1342-43 (11th Cir. 1998); Calderon v. United States, 123

a different result might be warranted in this case. Rodriguez also raises no other

challenge to the District Court's application of the discretionary function exception.[5]

III.

For these reasons, we will affirm the judgment of the District Court.

---

F.3d 947, 950 (7th Cir. 1997); cf. Muniz, 374 U.S. at 163-64 (not deciding whether the discretionary function exception applies to alleged breaches of the § 4042 duty of care); Jones v. United States, 91 F.3d 623, 624-25 (3d Cir. 1996) (not addressing that issue).

[5] Rodriguez argued below that BOP Program Statement 6010.04 governs the BOP's medical outsourcing decisions. The District Court wrote that it was unable to review the Program Statement because Rodriguez did not attach it to any of his filings. Program Statement 6010.04 was promulgated after the events in question, has since been superseded, and does not appear to be available on the BOP's website. Rodriguez does not mention the Program Statement on appeal. Nevertheless, we have reviewed his arguments on this point below, and he did not provide any reason to believe that this Program Statement or any other constrained the BOP's exercise of discretion.